GARRETT, Judge.
This is an appeal from the trial court’s denial of appellant’s motion to dismiss for lack of personal jurisdiction.
Appellees added appellant as a defendant in a lawsuit for damages caused by an explosion of a propane system in a Midas Muffler Shop.
Appellant, an Illinois corporation, is an architectural firm. It had no Florida office. It did no Florida advertising. It had no Florida business contacts. It owned no Florida property.
In 1979, appellant entered into a contract with Midas Realty Corporation to provide plans for different types of muffler shops with natural gas supply systems. All the design work was done in Illinois. The plans were working drawings to be modified by other architects to meet local building codes. Appellant’s fee did not depend on buildings being built in Florida. Delivery of the plans concluded appellant’s work.
A state court may exercise personal jurisdiction over a nonresident defendant only if there are minimum contacts between the defendant and the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 497-98 (1980). The mere likelihood that a product will find its way into the forum state is not the criteria for determining minimum contacts. The criteria is conduct and connection with the forum state which causes a *397 defendant to reasonably anticipate being haled into the forum state’s court. World-Wide, 444 U.S. at 296-97, 100 S.Ct. at 566-67, 62 L.Ed.2d at 500-01. Benefitting financially from a collateral relation to the forum state will not support jurisdiction if the benefits do not stem from constitutionally acknowledged contacts. Id. at 299, 100 S.Ct. at 568, 62 L.Ed.2d at 502.
We reverse. Appellee failed to establish appellant had minimum contacts with Florida. Appellant did not purposefully avail itself of the privilege of conducting activities in Florida. Id. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Appellant merely benefitted financially from a source collateral to later activities in this state.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
ANSTEAD, J., concurs.
STONE, J., dissents with opinion.